IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLEVELAND BERRY, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 19-0139-JB-MU |
| COMMANDER BRAZIER, et al., | : | |
| Defendant(s). | : | |

## REPORT AND RECOMMENDATION

This action was filed by an Alabama state inmate and has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action. It is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's order.

On August 22, 2019, the Court ordered Plaintiff to file, on or before September 20, 2019, an amended complaint or to file a complying amended complaint within the required time (Doc. 6). The Court informed Plaintiff that the amended complaint would replace the original complaint and that Plaintiff should not rely on his original complaint. Plaintiff was warned that his failure to comply within the ordered time would result in the dismissal of this action for failure to prosecute and to obey the Court's order. As of this date, Plaintiff has not responded in any manner to the Court's order.

Further, upon review of the ADOC's website, the Court discovered that Plaintiff is incarcerated at Easterling Correctional Center and not at the Elba Community Work Center.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this

action, and to advise the Court immediately of a change in his address, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  See *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied, Ballard v. Volunteers of America*, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).  *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that the federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); *Blunt v. U. S. Tobacco Co.*, 856 F.2d 192 (6th Cir. 1988)(unpublished) (affirming district court's dismissal of *pro se* plaintiff's action for failure to prosecute when plaintiff failed to respond to the summary judgment notice or to show cause why the action should not be dismissed).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings.*" *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 28th day of January, 2020.

                                         s/P. BRADLEY MURRAY
                                         UNITED STATES MAGISTRATE JUDGE